No. 9627.

CITIZENS' BANK OF LOUISIANA VS. SUCCESSION OF MRS. C. CUNY AND J. B. CLEMENT.

When property, part of which is subject to a mortgage, is sold by the owner, and the purchaser, in part payment of the price, assumes payment of the mortgage debt, the latter, as part of the price, is secured by vendor's privilege on the whole property sold; but the mortgage remains confined to the part originally subject thereto.

When in proceeding by executory process to enforce the mortgage alone, without reference to the privilege, an order of seizure and sale issues against the whole property, it embraces property not covered by the mortgage, and is, therefore, error and the order must be set aside on appeal.

APPEAL from the Twenty-second District Court, Parish of St. James. *Duffel*, J.

*Henry C. Miller* and *Bérault & Legendre* for Plaintiff and Appellee.

*Robt. G. Dugué* for Defendants and Appellants.

The opinion of the Court was delivered by

FENNER, J. Plaintiff had a mortgage upon a certain tract of land. A subsequent purchaser subject to the mortgage, sold the land so mortgaged, with other lands belonging to him and not included in the mortgage, to a third person, the act reciting:

"This sale is made for $44,461 14, which the said purchaser has paid as follows:

"1st. By paying in cash $4,188 14;

"2d. By assuming a mortgage in favor of the Citizens' Bank, resting upon part of the property herein sold, amounting to $5,573;"

And as evidence of said assumption she furnished a note for that sum, paraphed to identify it with the *original* act of mortgage, which was delivered to and accepted by the bank.

For the remainder of the price she furnished nine promissory notes, which were secured by special mortgage and vendor's lien on the whole property sold.

The act contains not a word showing that the note furnished to the Citizens' Bank in evidence of the assumption was secured by any *mortgage* other than the original one assumed, which bore only on part of the land.

There can be no doubt that the debt to the Citizens' Bank, being assumed as part of the price of the whole property, became secured by a vendor's privilege on the whole. This is well settled. Scionneau vs. Waguespact, 32 Ann. 283; DeL'Isle vs. Moss, 33 Ann. 164.

But the privilege is very different from the mortgage. While the bank's mortgage primes all other claims on the part of the property

subject thereto, her privilege on the remaining property is only con-
current with that of the holders of the notes for the balance of the
price.

The bank, in this proceeding, obtained an order of seizure and sale
in execution of her mortgage, which is represented as affecting the
whole property, and the order directs the seizure and sale of the whole
property for the satisfaction of the mortgage. The petition contains
no allusion to the vendor's privilege.

From this order the defendants appeal, and inasmuch as the order in
execution of the mortgage simply directs the seizure and sale of more
property than is covered by the mortgage, the error is apparent and
the order must be annulled and set aside.

It is, therefore, ordered, adjudged and decreed that the order of seiz-
ure and sale appealed from be annulled and set aside, in so far as it
orders sale of property not covered by original mortgage, and other-
wise affirmed; plaintiff and appellee to pay costs in both courts.

Poché, J., recuses on the ground of interest.